**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000395
27-JUN-2025
07:53 AM
Dkt. 77 SO**

NO. CAAP-23-0000395


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MARK VAN PERNIS, Appellant-Appellant,
v.
EXAMINER OF DRIVERS, DRIVER LICENSE DIVISION, VEHICLE
REGISTRATION & LICENSING, DEPARTMENT OF FINANCE,
COUNTY OF HAWAI'I, Appellee-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-22-0000208)


SUMMARY DISPOSITION ORDER
By: Leonard, Acting Chief Judge, Nakasone and Guidry, JJ.)

This secondary appeal arises from a circuit court
order vacating the suspension of the appellant's driver's
license for mental or physical infirmity under Hawaii Revised
Statutes (**HRS**) § 286-119[1] due to an inadequate record for review,
and remanding for a new hearing.  We affirm.

---

[1]     HRS § 286-119(a)(1) (2020) provides for a suspension of a
driver's license by the examiner of drivers without hearing if the examiner
"[h]as reasonable cause to believe that the licensee" is "afflicted with
mental or physical infirmities or disabilities" such that the licensee cannot

Self-represented Appellant Mark Van Pernis (**Van Pernis**) appeals from the (1) March 22, 2023 "Findings of Fact [(**FOFs**)], Conclusions of Law, and Order Vacating the Decision and Order of the Hawaii County Department of Finance Vehicle Registration and Licensing Division, Dated September 21, 2022, and Remanding with Instructions" (**Order Vacating Suspension**); (2) March 22, 2023 "Judgment on Appeal" (**Judgment**); and (3) May 30, 2023 "Order Denying [Van Pernis]'s Motion for Reconsideration of the [Order Vacating Suspension]" (**Order Denying Reconsideration**),[2] all filed and entered by the Circuit Court of the Third Circuit (**Circuit Court**).[3]

On appeal, Van Pernis argues that: the Circuit Court cannot remand for a "new record"; that the suspension of his license was improper; and all claims against him should be dismissed.[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Van Pernis's contentions as follows.

---

safely operate a motor vehicle. Subsection (b) provides the licensee a right to a hearing to challenge the suspension. Following the hearing, a person whose license is suspended may appeal to the circuit court, under HRS § 286-129.

[2] No argument is made regarding the Order Denying Reconsideration. It is waived. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7).

[3] The Honorable Wendy M. DeWeese presided.

[4] While the Amended Opening Brief does not contain a points of error section, we are able to discern Van Pernis's contentions. See Erum v. Llego, 147 Hawaiʻi 368, 380-31, 465 P.3d 815, 827-28 (2020) (affording liberal review to pleadings by self-represented litigants "to facilitate access to justice" and to afford opportunity for appellate review (citation omitted)).

**First License Suspension**

On April 6, 2021, Hawai‘i Police Department (**HIPD**) Officer Mara Gaertner (**Officer Gaertner**) filed a "Request for Revocation of Driver's License Pending Complete Medical Examination" (**First Request**).  The First Request for license revocation stated that on April 6, 2021, Van Pernis was involved in a car accident, where he struck a parked vehicle.  When Officer Gaertner arrived on scene, the officer observed Van Pernis sitting on a rock wall.  As Van Pernis stood up, Officer Gaertner observed Van Pernis to be "extremely off balance" to the point that Van Pernis fell down.  Van Pernis stated that he "had suffered a brain injury" and "had a stroke two years ago." Officer Gaertner noted that Van Pernis had been in four traffic accidents within the past two years.

On April 21, 2021, Appellee-Appellee Examiner of Drivers, Driver License Division, Vehicle Registration and Licensing Department of Finance, County of Hawai‘i (**licensing examiner**) sent a letter to Van Pernis, suspending Van Pernis's driver's license pursuant to HRS § 286-129 until Van Pernis obtained a medical report by a neurologist that Van Pernis was capable of safe driving.

On April 22, 2021, Donald K. Nikaitani, M.D. (**Dr. Nikaitani**) deemed Van Pernis "capable of safe driving."

On May 3, 2021, the licensing examiner sent a letter to Van Pernis, requesting that he also submit a report by a neurologist.

On May 13, 2021, Van Pernis requested a hearing.

On May 17, 2021, the licensing examiner sent a letter to Van Pernis that his case was being referred to the Medical Advisory Board (**Medical Board**) for their review and recommendation, and reinstated Van Pernis's driver's license.

On May 20, 2021, the licensing examiner sent a letter to Dr. Nikaitani, requesting further clarification on Van Pernis's brain injury and stroke.

On June 8, 2021, Dr. Nikaitani submitted another medical report regarding the brain injury and stroke. The report deemed Van Pernis safe to drive.

On June 15, 2021, Van Pernis sent an email to the licensing examiner, that he never suffered from a stroke or brain injury, and that Dr. Nikaitani's original medical report was correct. That same day, the licensing examiner requested the Medical Board to advise of the medical fitness of Van Pernis.

### Second License Suspension

While the First Request for license revocation was pending, on February 4, 2022, HIPD Officer Miexia Ahloy (**Officer Ahloy**) filed a "Request for Revocation of Driver's License Pending Complete Medical Examination" (**Second Request**). The Second Request for license revocation stated that Van Pernis struck the rear bumper of another car while backing out of a parking stall. Upon arrival, Officer Ahloy observed that Van Pernis had "slurred speech" and was "unsteady." Officer Ahloy performed a Standardized Field Sobriety Test on Van Pernis, during which Van Pernis alerted Officer Ahloy that he had "an inoperable brain condition." Officer Ahloy determined that Van Pernis suffered from a health condition and that he "was not safe to operate a vehicle on a public roadway."

On February 14, 2022, the licensing examiner sent another letter to Van Pernis, indicating that his license was suspended and requesting that he submit a favorable medical report that he was capable of safe driving.

4

On March 15, 2022, Dr. Nikaitani submitted another medical report. The report deemed Van Pernis safe for driving.

On March 31, 2022, Van Pernis was notified that his case was being referred to the Medical Board. Van Pernis's medical reports, traffic abstract, and Officer Ah Loy and Officer Gaertner's requests were sent to the Medical Board.

On April 13, 2022, the licensing examiner sent a letter to Van Pernis, in which the Medical Board requested Van Pernis retake the road test administered by a driver rehabilitation specialist, and that it would review the results and make a determination on the suspension of his license.

**Hearing**

Pursuant to Van Pernis's request, a contested case hearing was set for July 1, 2022 regarding the suspension of Van Pernis's driver's license. At the hearing, Van Pernis argued, inter alia, that there was no reasonable cause to revoke his license, and that his doctor indicated that he could safely operate a vehicle.

On September 21, 2022, the licensing examiner filed its "Findings of Fact, Conclusions of Law and Decision and Order" (**Order of Suspension**), which found that: Van Pernis never received a medical report from a neurologist; there was reasonable cause to suspend Van Pernis's license after two communications from police officers that Van Pernis could not safely operate a motor vehicle; and Van Pernis never took a road test administered by a driver rehabilitation specialist. The Order of Suspension suspended Van Pernis's license; required Van Pernis to take a road test with a driver rehabilitation specialist; and stated that the licensing examiner would review the results of the road test.

**Appeal to the Circuit Court**

Van Pernis appealed the Order of Suspension to the Circuit Court.  The Circuit Court reviewed Van Pernis's appeal under HRS § 91-14(g).  Following a hearing, the Circuit Court filed its March 22, 2023 Order Vacating Suspension and remanded the case back to the licensing examiner for a new hearing.  The Order Vacating Suspension explained that there was an inadequate record of the July 1, 2022 contested case hearing due to no transcript, and insufficient findings by the licensing examiner for the Circuit Court to conduct its review.  The Circuit Court entered the March 22, 2023 Judgment and denied Van Pernis's subsequent March 31, 2023 motion for reconsideration on May 30, 2023.  Van Pernis timely appealed.

Van Pernis's primary challenge in this appeal is that remand is improper and the proceedings against him should be dismissed.  Van Pernis also argues that "estoppel," "double jeopardy," and "due process" "prevent[] the remand."

Van Pernis's reliance on Yamada v. Nat. Disaster Claims Comm'n, 54 Haw. 621, 513 P.2d 1001 (1973), abrogated by Morgan v. Plan. Dep't, Cnty. of Kauai, 104 Hawai‘i 173, 86 P.3d 982 (2004), is misplaced because Yamada is inapposite. Yamada concerned whether an administrative commission could reconsider its prior decision on its own, and did not involve the exercise of an affected individual's statutory right to judicial review.  See HRS §§ 286-119(b) and 286-129.

HRS § 91-14(g), regarding "[j]udicial review of contested cases," provides that:  "Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings"; or "it may reverse or modify the decision and order" if the agency's decision violated any of the grounds set forth in (g)(1) through

6

(g)(6).  (Emphasis added.)  The Circuit Court was authorized to vacate the licensing examiner's decision and order a remand for a new hearing to be conducted.  Van Pernis's various arguments that remand was improper lack merit.

In light of our resolution, we need not address Van Pernis's challenge to certain FOFs in the Circuit Court's Order Vacating Suspension and arguments regarding the evidence before the Medical Board.

For the foregoing reasons, we affirm the (1) March 22, 2023 Order Vacating Suspension; (2) March 22, 2023 Judgment; and (3) May 30, 2023 Order Denying Reconsideration, all filed and entered by the Circuit Court of the Third Circuit.

DATED:  Honolulu, Hawaiʻi, June 27, 2025.

On the briefs:

Mark Van Pernis,
Self-represented Appellant-
Appellant.

Ryan K. Thomas,
Deputy Corporation Counsel,
for Appellee-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

7